UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                       Case No. 2:17-cr-20473

v.                                   HONORABLE STEPHEN J. MURPHY, III

D-1, LETICIA ARIAS-OROZCO,

       Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S**
**MOTION TO DISMISS INDICTMENT [19]**

Leticia Arias-Orosco ("Arias") allegedly sought entry into the United States on four separate occasions in April 2000. ECF 1, PgID 2–3. Federal agents arrested Arias each of the first three times and granted her a voluntary return to Mexico. *Id.* at 2. On April 23, 2000, Arias attempted a fourth entry but agents arrested her again. Rather than grant her another voluntary return to Mexico, the Immigration and Naturalization Service ("INS") opted for an expedited removal of Arias. *Id.* at 3. Once apprehended, Arias admitted that she was a citizen of Mexico and that she had sought admission with "[a] permit that [she] bought in Juarez." ECF 19-2, PgID 72. She admitted that the document was counterfeit. *Id.* Arias further expressed no concerns about returning to Mexico, *id.* at 74, and she was deported later that day.

Sometime between April 23, 2000 and June 23, 2017, Arias unlawfully reentered the United States.  Immigration and Customs Enforcement ("ICE") agents arrested Arias on June 23, 2017. ECF 1, PgID 3. On July 11, 2017, a grand jury returned an indictment against Arias on one count of "Unlawful Re-entry in violation of 8 U.S.C. § 1326(a)." ECF 14, PgID 39.

Arias filed a motion to dismiss the indictment on August 8, 2017. ECF 19. Arias alleged that the 2000 Order of Expedited Removal dated April 23, 2000 violated her due process rights because she had timely retracted her false statements, *id.* at 62, the expedited removal prejudiced her, *id.* at 64, and that she was unlawfully prohibited from seeking judicial review of the decision, *id.* at 68.

## STANDARD OF REVIEW

A charging document need contain only "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). On a motion to dismiss, the Court tests "the indictment solely on the basis of the allegations made on its face, and such allegations are taken to be true." *United States v. Reitmeyer*, 356 F.3d 1313, 1316–17 (10th Cir. 2004); *see also United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) ("courts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based"). An indictment is adequate "if it (1) includes the elements of the offense intended to be charged, (2) notifies the defendant of 'what he must be prepared to meet,' and (3) allows the defendant to invoke a former conviction or acquittal in the event of a subsequent prosecution." *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 579 (6th Cir. 2002) (quoting *Russell v. United States*, 369 U.S. 749, 763–64 (1962)).

## DISCUSSION

The original indictment charges Arias with unlawful reentry. ECF 1. An alien previously removed or deported from the United States and who thereafter reenters the United States without the express consent of the Attorney General is liable for unlawful reentry. 8 U.S.C. § 1326(a). Collateral attack of the previous deportation order is available.

An alien collaterally attacking the underlying deportation order must demonstrate: (1) exhaustion of administrative remedies, (2) improper deprivation of the alien's opportunity for judicial review, and (3) the fundamental unfairness of the previous deportation order. 8 U.S.C. § 1326(d).

Defendant collaterally attacks the previous deportation order with two arguments: first, the Act improperly prohibits judicial review; and, second, the proceeding was fundamentally unfair. ECF 19.[1]

Aliens collaterally attacking a previous detention order must show that the "deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review[.]" 8 U.S.C. § 1326(d)(2). Under § 1225(b)(1), an immigration officer "shall order the alien removed from the United States without further hearing or review" if the alien is inadmissible due to willful misrepresentation, 8 U.S.C. § 1182(a)(6)(C), or for failure to procure proper documentation, 8 U.S.C. § 1182(a)(7). 8 U.S.C. § 1225(b)(1)(A)(i). Aliens applying for asylum or fearing persecution in their home country qualify for either administrative of judicial review. *Id.*

An expedited removal under § 1225(b)(1) is not subject to judicial review. 8 U.S.C. § 1252(a)(2)(i). An exception exists, however, for aliens to file "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D); *see also United States v. Romero-Caspeta*, No. 12–20376, 2012 WL 4867708, at *5 (E.D. Mich. Oct. 15, 2012)

---

[1] Both parties agree that Arias did not have any administrative remedies available to her and that she satisfies the exhaustion requirement of § 1326(d)(1). ECF 19, PgID 68; ECF 25, PgID 101.

(finding an alien had the opportunity to seek judicial review despite being removed within 24 hours of attempted reentry).

Here, Arias had the opportunity to raise her constitutional claims or questions of law related to any due process violations. There is no evidence that she availed herself of judicial review of the due process considerations of the 2000 Order of Expedited Removal. There is no need for the Court to address the defendant's fundamental fairness argument since Arias fails to satisfy the § 1326(d) standard for collateral attack on the previous order.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to dismiss the indictment [19] is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 26, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager

4